1    MICHAEL P. MARTIN [SBN 190213]
     FISCHBACH, PERLSTEIN, LIEBERMAN
2    & ALMOND, LLP
     1925Century Park East, Suite 2050
3    Los Angeles, California  90067-2746
     Telephone: (310) 556-1956
4    Facsimile:  (310) 556-4617
     Email: mmartin@fpllaw.com
5
     Attorneys for Plaintiff
6

7

8               IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   MULTICOM ENTERTAINMENT              Case No.:
     GROUP, INC., a Nevada Corporation,
12                                       COMPLAINT FOR
                                         COPYRIGHT INFRINGEMENT;
13                   Plaintiff,          FEDERAL UNFAIR COMPETITION;
                                         AND COMMON LAW UNFAIR
14                                       COMPETITION

15

16          v.

17
     JAMES CARDWELL, an Individual
18   United States Citizen; E-T PICURES,
     a California Limited Liability
19   Company; and DOES 1-10,

20                   Defendants.

21

22

23

24

25

26

27

28

                              1
                           COMPLAINT

Plaintiff MULTICOM ENTERTAINMENT GROUP, INC., a Nevada Corporation (hereinafter referred to as "Plaintiff") complains and alleges as follows:

## JURISDICTION AND VENUE

1.     This civil action is for: copyright infringement under the Copyright Laws of the United States 17 U.S.C. '101, et seq.; under the Lanham Act, 15 U.S.C. §1051 et seq., 15 U.S.C. §1125.

2.     The Court has jurisdiction over the subject matter and personal jurisdiction over the parties by reason of: 28 U.S.C. §1331 & 1338(a) and 15 U.S.C. §1121 for the first and second causes of action; and supplemental and pendent jurisdiction under 28 U.S.C. §1367 & 1338(b) for the remaining cause of action.

3.     Venue is proper in this judicial district for all causes of action. 28 U.S.C. §§1391(b) & (c) and 1400(b).

## GENERAL ALLEGATIONS

4.     MULTICOM ENTERTAINMENT GROUP, INC., a Nevada Corporation (usually "Plaintiff") is a Corporation duly organized and existing under and by virtue of the laws of the State of Nevada, with its principal place of business within this judicial district at 1575 Westwood Blvd., Suite 300, Los Angeles, CA 90024. Plaintiff is the exclusive owner of the trademarks and copyrights which form the basis of this action.

5.      Plaintiff is informed and believes, and on such basis alleges, that Defendant JAMES CARDWELL, (hereinafter individually "Defendant CARDWELL") is an individual United States Citizen residing at 2721 La Cuesta Drive, Los Angeles, CA 90046, and is conducting business in California, including this Judicial District and is likewise conducting specific business complained of in this complaint in California, including this Judicial District.

6.      Plaintiff is informed and believes, and on such basis alleges, that Defendant E-T PICTURES, LLC, (hereinafter individually "Defendant E-T") is believed to be a California Limited Liability Company, having its principal place of business at 2721 La Cuesta Drive, Los Angeles, CA 90046, and is conducting business in California, including this Judicial District and is likewise conducting specific business complained of in this complaint in California, including this Judicial District.

7.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 - 10, inclusive, and therefore sue said Defendants by such fictitious names.  (Does 1-10 together with Defendant Cardwell and Defendant E-T are collectively referred to as "Defendants")  Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

8.      Plaintiff is informed and believes, and on such basis alleges that each of the aforementioned Defendants acted at all times alleged herein as the agent, employee, representative, and/or alter ego of the other Defendants; is responsible in

some manner for the occurrences alleged herein; and caused the injuries alleged herein.

9.      Plaintiff is the exclusive owner of all right, title and interest in the United States Copyrights in and to the following sixteen (16) motion pictures, without limitation: 1) Glory Years (PA 821-672); 2-7) Josh Kirby Time Warrior (4 Movies: PA 821-672; PAu 1-981-941; PAu 1-994-041; PAu 2-006-659; PAu 2-002-163; and PAu 2-024-187 ); 8) Passions Desire (PAu 2-506-704); 9) Little Ghost (PA 916-271); 10) Micro Mini Kids (PAu 2-583-356); 11) Lady Killer (PA 786-859); 12) Train Quest (PAu 2-583-355); 13) Dangerous Intentions (PA 699-465); 14) A Strange Affair (PA 802-597); 15) Criss Cross (PA 678-122; and PA 678-123); and 16) Sins of the Mother (PA 507-942), (hereafter collectively referred to as the "Works"). Attached hereto as Exhibit A are true and correct copies of the Copyright Registrations for the Works.

## Defendants' Unlawful Conduct, Unfair Competition and Copyright Infringement

10.      Defendants have made substantial unauthorized reproductions and uses of the Works infringing Plaintiff's Copyrights under U.S. Copyright Law (17 U.S.C. §101, *et seq.*).

11.      Specifically, the infringing uses of the Works include, without limitation: a) unauthorized reproduction and manufacture of infringing "counterfeit" DVD copies of the Words, and each of them (17 U.S.C. §106(1),(2)); b) unauthorized

distribution of infringing "counterfeit" DVD copes of the Works, and each of them (17 U.S.C. §106(1),(2),(3)); and c) Unauthorized digital transmission of the Works and each of them through streaming by Amazon Instant and others.

12.    These unlawful actions have given Defendants an unfair competitive advantage in violation of the Lanham Act, 15 U.S.C. §1125 by misappropriating the proprietary Works, and constitute a clear infringement of Plaintiff's copyright as well as its common law trademarks in the titles to the Works.

13.    Defendants have no right, license or other authority from Plaintiff to use any of the Works for any purpose.

14.    Plaintiff is informed and believes, and on such basis alleges, that Defendants knew of the Plaintiff's Copyrights in the Works, and that the same were owned by someone other than themselves; knew that the Plaintiff's Works were distinctive, famous and proprietary; and knew that Defendants had not received any authority from Plaintiff to use the Works for any purposes.

15.    Defendant's unlawful activities result in irreparable injury and damage to Plaintiff's reputation by using the Plaintiff's Copyrights in a manner beyond Plaintiff's control.

16.    Plaintiff is informed and believes, and on such basis alleges that Defendants have deliberately, willfully, and maliciously used the Works in order to trade on the goodwill that Plaintiff has attained in therein to confuse the public into believing that Defendants' unauthorized use was licensed, authorized or associated

by or with Plaintiff.

## FIRST CAUSE OF ACTION

## FOR COPYRIGHT INFRINGEMENT

17.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16 above as if fully set forth herein.

18.    This claim for relief arises under 17 U.S.C. 101, et seq and 501 through 505 and is alleged against all Defendants.

19.    As alleged previously, Plaintiff is the exclusive owner of all right, title and interest in the United States Copyrights in and to the Works.

20.    As set forth above, Plaintiff has registered the Works with the United States Copyright Office. (See Exhibit A).

21.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, have had access to Plaintiff's Works by virtue of its purchase of certain remnants in the Works from a predecessor-in-interest of the Works.

22.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Works and to distribute the Copyrighted Works to the public. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, by their above-enumerated acts have directly or indirectly published, reproduced, displayed, distributed and adapted Plaintiff's Copyrighted Works.

23.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, by their above-enumerated acts have willfully infringed Plaintiff's exclusive rights in and to the Works in violation of 17 U.S.C. '501.

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from their infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

25.     Defendants activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

26.     Plaintiff has no adequate remedy at law.

**SECOND CAUSE OF ACTION**

**FOR FEDERAL UNFAIR COMPETITION**

27.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 17 through 26 above as if fully set forth herein.

28.     As alleged previously, Plaintiff is the owner of its titles in the Works and through distribution of the Works, certain series titles have acquired substantial goodwill and secondary meaning.

29.     Also as alleged above, Defendants have used the titles in the Works in

their advertising and promotional materials and online, without permission or authority from Plaintiff.

30.     Defendants have not obtained from Plaintiff any license or other permission to use the Works or any titles therein for any purpose whatsoever.

31.     Plaintiff is informed and believe, and on such basis allege, that Defendants' unauthorized use of the titles to the Works constitutes a false designation of origin and false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive customers and potential customers as to the affiliation or association of Plaintiff and Defendants and their respective goods.

32.     Plaintiff is informed and believes, and on such basis alleges that, Defendants' above-mentioned uses of the Works constitutes violations of Section 43(a) of the Lanham Act (15 U.S.C. ' 1125(a)).

33.     Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these acts of false designation of origin and false representation, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

34.     Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

35.     Plaintiff has no adequate remedy at law.

### THIRD CAUSE OF ACTION

### FOR COMMON LAW UNFAIR COMPETITION

36.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 27 through 35 hereof as if fully set forth herein.

37.     By reason of Defendants' foregoing actions, Defendants have engaged, and are continuing to engage, in acts of unfair competition in violation of the common law, and Plaintiffs have no adequate remedy at law.

### RELIEF SOUGHT

WHEREFORE, Plaintiff prays for:

1.     Judgment for preliminary and permanent injunctions enjoining Defendants, all of their officers, directors, owners, partners, employees, servants and agents -and- all those persons in active concert or participation with Defendants from violating Plaintiff's rights by way of:

(a)     Infringing directly or indirectly Plaintiff's U.S. Copyright Registrations as set forth in Exhibit A;

(b)     Offering for sale, making, using, selling, advertising, promoting, and/or inducing others to make, use, sell or market goods that infringe the Works (Exhibit A);

(c)     using the titles to the Works in any manner, and from causing, contributing to or participating in, the unauthorized display and/or distribution of the titles to the Works to the public in connection with any service or product;

(d)     engaging in conduct which tends falsely to represent or is likely to confuse, mislead or deceive members of the public;

(e)     Otherwise unfairly competing with Plaintiff in any manner;

(f)     Practicing unfair competition, unfair trade practices, and/or false advertising with respect to Plaintiff; and

(g)     Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

2.     That the Court order Defendants to account for all gains, profits and advances derived by Defendants from the acts complained of, together with appropriate interest thereon;

3.     That the Court further award Plaintiff an increase in damages in an amount found or assessed as a result of willful acts of copyright infringement and unfair competition under 17 U.S.C. § 504(c) and 155 U.S.C. § 1117;

4.     An Order from the Court commanding that Defendants mail notice letters at its expense to all manufacturers, customers, accounts, distributors, dealers, jobbers, salesmen, sales reps. and suppliers - informing them that Defendants have committed unfair competition and infringement against Plaintiff and that it has no affiliation, connection or other business relationship with Plaintiff nor permission or authorization to use the Works in any manner;

5.     Statutory damages pursuant to the 17 U.S.C. § 504(c) in an amount to be ascertained.

6.      Monetary damages, punitive damages, exemplary damages and treble damages suffered by Plaintiff in an amount to be ascertained.

7.      Attorneys' fees and costs of this civil action under 17 U.S.C. § 505.

8.      All other injunctive and monetary relief which the Court deems justifiable.

9.      That Plaintiff has such other and further relief as the Court may deem just and proper.

DATED: December 16, 2015          **FISCHBACH, PERLSTEIN,
                                    LIEBERMAN & ALMOND, LLP**


By:_____
    **Michael P. Martin**
    Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MICHAEL P. MARTIN [SBN 190213]
FISCHBACH, PERLSTEIN, LIEBERMAN
& ALMOND, LLP
1925Century Park East, Suite 2050
Los Angeles, California  90067-2746
Telephone: (310) 556-1956
Facsimile:  (310) 556-4617
Email: mmartin@fpllaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MULTICOM ENTERTAINMENT GROUP, INC., a Nevada Corporation, <br><br> Plaintiff, <br><br> Plaintiff, <br><br> v. <br><br> JAMES CARDWELL, an Individual United States Citizen; E-T PICURES, a California Limited Liability Company; and DOES 1-10, <br><br> Defendants. | Case No.: <br><br> COMPLAINT FOR COPYRIGHT INFRINGEMENT; FEDERAL UNFAIR COMPETITION; AND COMMON LAW UNFAIR COMPETITION |

Plaintiff MULTICOM ENTERTAINMENT GROUP, INC., a Nevada Corporation (hereinafter referred to as "Plaintiff") complains and alleges as follows:

## JURISDICTION AND VENUE

1.     This civil action is for: copyright infringement under the Copyright Laws of the United States 17 U.S.C. '101, et seq.; under the Lanham Act, 15 U.S.C. §1051 et seq., 15 U.S.C. §1125.

2.     The Court has jurisdiction over the subject matter and personal jurisdiction over the parties by reason of: 28 U.S.C. §1331 & 1338(a) and 15 U.S.C. §1121 for the first and second causes of action; and supplemental and pendent jurisdiction under 28 U.S.C. §1367 & 1338(b) for the remaining cause of action.

3.     Venue is proper in this judicial district for all causes of action. 28 U.S.C. §§1391(b) & (c) and 1400(b).

## GENERAL ALLEGATIONS

4.     MULTICOM ENTERTAINMENT GROUP, INC., a Nevada Corporation (usually "Plaintiff") is a Corporation duly organized and existing under and by virtue of the laws of the State of Nevada, with its principal place of business within this judicial district at 1575 Westwood Blvd., Suite 300, Los Angeles, CA 90024. Plaintiff is the exclusive owner of the trademarks and copyrights which form the basis of this action.

2
COMPLAINT

5.     Plaintiff is informed and believes, and on such basis alleges, that Defendant JAMES CARDWELL, (hereinafter individually "Defendant CARDWELL") is an individual United States Citizen residing at 2721 La Cuesta Drive, Los Angeles, CA 90046, and is conducting business in California, including this Judicial District and is likewise conducting specific business complained of in this complaint in California, including this Judicial District.

6.     Plaintiff is informed and believes, and on such basis alleges, that Defendant E-T PICTURES, LLC, (hereinafter individually "Defendant E-T") is believed to be a California Limited Liability Company, having its principal place of business at 2721 La Cuesta Drive, Los Angeles, CA 90046, and is conducting business in California, including this Judicial District and is likewise conducting specific business complained of in this complaint in California, including this Judicial District.

7.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 - 10, inclusive, and therefore sue said Defendants by such fictitious names.  (Does 1-10 together with Defendant Cardwell and Defendant E-T are collectively referred to as "Defendants")  Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when ascertained.

8.     Plaintiff is informed and believes, and on such basis alleges that each of the aforementioned Defendants acted at all times alleged herein as the agent, employee, representative, and/or alter ego of the other Defendants; is responsible in

some manner for the occurrences alleged herein; and caused the injuries alleged herein.

9.   Plaintiff is the exclusive owner of all right, title and interest in the United States Copyrights in and to the following sixteen (16) motion pictures, without limitation: 1) Glory Years (PA 821-672); 2-7) Josh Kirby Time Warrior (4 Movies: PA 821-672; PAu 1-981-941; PAu 1-994-041; PAu 2-006-659; PAu 2-002-163; and PAu 2-024-187 ); 8) Passions Desire (PAu 2-506-704); 9) Little Ghost (PA 916-271); 10) Micro Mini Kids (PAu 2-583-356); 11) Lady Killer (PA 786-859); 12) Train Quest (PAu 2-583-355); 13) Dangerous Intentions (PA 699-465); 14) A Strange Affair (PA 802-597); 15) Criss Cross (PA 678-122; and PA 678-123); and 16) Sins of the Mother (PA 507-942), (hereafter collectively referred to as the "Works"). Attached hereto as Exhibit A are true and correct copies of the Copyright Registrations for the Works.

## Defendants' Unlawful Conduct, Unfair Competition and Copyright Infringement

10.   Defendants have made substantial unauthorized reproductions and uses of the Works infringing Plaintiff's Copyrights under U.S. Copyright Law (17 U.S.C. §101, *et seq.*).

11.   Specifically, the infringing uses of the Works include, without limitation: a) unauthorized reproduction and manufacture of infringing "counterfeit" DVD copies of the Words, and each of them (17 U.S.C. §106(1),(2)); b) unauthorized

distribution of infringing "counterfeit" DVD copes of the Works, and each of them (17 U.S.C. §106(1),(2),(3)); and c) Unauthorized digital transmission of the Works and each of them through streaming by Amazon Instant and others.

12.    These unlawful actions have given Defendants an unfair competitive advantage in violation of the Lanham Act, 15 U.S.C. §1125 by misappropriating the proprietary Works, and constitute a clear infringement of Plaintiff's copyright as well as its common law trademarks in the titles to the Works.

13.    Defendants have no right, license or other authority from Plaintiff to use any of the Works for any purpose.

14.    Plaintiff is informed and believes, and on such basis alleges, that Defendants knew of the Plaintiff's Copyrights in the Works, and that the same were owned by someone other than themselves; knew that the Plaintiff's Works were distinctive, famous and proprietary; and knew that Defendants had not received any authority from Plaintiff to use the Works for any purposes.

15.    Defendant's unlawful activities result in irreparable injury and damage to Plaintiff's reputation by using the Plaintiff's Copyrights in a manner beyond Plaintiff's control.

16.    Plaintiff is informed and believes, and on such basis alleges that Defendants have deliberately, willfully, and maliciously used the Works in order to trade on the goodwill that Plaintiff has attained in therein to confuse the public into believing that Defendants' unauthorized use was licensed, authorized or associated

by or with Plaintiff.

## FIRST CAUSE OF ACTION

## FOR COPYRIGHT INFRINGEMENT

17.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16 above as if fully set forth herein.

18.    This claim for relief arises under 17 U.S.C. 101, et seq and 501 through 505 and is alleged against all Defendants.

19.    As alleged previously, Plaintiff is the exclusive owner of all right, title and interest in the United States Copyrights in and to the Works.

20.     As set forth above, Plaintiff has registered the Works with the United States Copyright Office. (See Exhibit A).

21.    Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, have had access to Plaintiff's Works by virtue of its purchase of certain remnants in the Works from a predecessor-in-interest of the Works.

22.    Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Works and to distribute the Copyrighted Works to the public. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, by their above-enumerated acts have directly or indirectly published, reproduced, displayed, distributed and adapted Plaintiff's Copyrighted Works.

23.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, by their above-enumerated acts have willfully infringed Plaintiff's exclusive rights in and to the Works in violation of 17 U.S.C. '501.

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from their infringing acts, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

25.     Defendants activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

26.     Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

## FOR FEDERAL UNFAIR COMPETITION

27.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 17 through 26 above as if fully set forth herein.

28.     As alleged previously, Plaintiff is the owner of its titles in the Works and through distribution of the Works, certain series titles have acquired substantial goodwill and secondary meaning.

29.     Also as alleged above, Defendants have used the titles in the Works in

their advertising and promotional materials and online, without permission or authority from Plaintiff.

30.    Defendants have not obtained from Plaintiff any license or other permission to use the Works or any titles therein for any purpose whatsoever.

31.    Plaintiff is informed and believe, and on such basis allege, that Defendants' unauthorized use of the titles to the Works constitutes a false designation of origin and false or misleading representation of fact, which is likely to cause confusion, mistake, or to deceive customers and potential customers as to the affiliation or association of Plaintiff and Defendants and their respective goods.

32.    Plaintiff is informed and believes, and on such basis alleges that, Defendants' above-mentioned uses of the Works constitutes violations of Section 43(a) of the Lanham Act (15 U.S.C. ' 1125(a)).

33.    Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these acts of false designation of origin and false representation, and Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

34.    Defendants' activities have caused Plaintiff irreparable injury and unless Defendants' acts are immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

35.    Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION

## FOR COMMON LAW UNFAIR COMPETITION

36.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 27 through 35 hereof as if fully set forth herein.

37.     By reason of Defendants' foregoing actions, Defendants have engaged, and are continuing to engage, in acts of unfair competition in violation of the common law, and Plaintiffs have no adequate remedy at law.

### RELIEF SOUGHT

WHEREFORE, Plaintiff prays for:

1.     Judgment for preliminary and permanent injunctions enjoining Defendants, all of their officers, directors, owners, partners, employees, servants and agents -and- all those persons in active concert or participation with Defendants from violating Plaintiff's rights by way of:

(a)     Infringing directly or indirectly Plaintiff's U.S. Copyright Registrations as set forth in Exhibit A;

(b)     Offering for sale, making, using, selling, advertising, promoting, and/or inducing others to make, use, sell or market goods that infringe the Works (Exhibit A);

(c)     using the titles to the Works in any manner, and from causing, contributing to or participating in, the unauthorized display and/or distribution of the titles to the Works to the public in connection with any service or product;

(d)     engaging in conduct which tends falsely to represent or is likely to confuse, mislead or deceive members of the public;

(e)     Otherwise unfairly competing with Plaintiff in any manner;

(f)     Practicing unfair competition, unfair trade practices, and/or false advertising with respect to Plaintiff; and

(g)     Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

2.     That the Court order Defendants to account for all gains, profits and advances derived by Defendants from the acts complained of, together with appropriate interest thereon;

3.     That the Court further award Plaintiff an increase in damages in an amount found or assessed as a result of willful acts of copyright infringement and unfair competition under 17 U.S.C. § 504(c) and 155 U.S.C. § 1117;

4.     An Order from the Court commanding that Defendants mail notice letters at its expense to all manufacturers, customers, accounts, distributors, dealers, jobbers, salesmen, sales reps. and suppliers - informing them that Defendants have committed unfair competition and infringement against Plaintiff and that it has no affiliation, connection or other business relationship with Plaintiff nor permission or authorization to use the Works in any manner;

5.     Statutory damages pursuant to the 17 U.S.C. § 504(c) in an amount to be ascertained.

6.      Monetary damages, punitive damages, exemplary damages and treble damages suffered by Plaintiff in an amount to be ascertained.

7.      Attorneys' fees and costs of this civil action under 17 U.S.C. § 505.

8.      All other injunctive and monetary relief which the Court deems justifiable.

9.      That Plaintiff has such other and further relief as the Court may deem just and proper.

DATED: December 16, 2015

FISCHBACH, PERLSTEIN, LIEBERMAN & ALMOND, LLP

By: _____
Michael P. Martin
Attorneys for Plaintiff